Nicholas J. Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

| | |
|---|---|
| SHELDON RICHARDSON, ) | **Case No.:** |
| ) | |
| Plaintiff, ) | **VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| ) | |
| vs. ) | |
| ) | **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**VERIFIED COMPLAINT**

SHELDON RICHARDSON (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

*6.* Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Scottsdale, Maricopa County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff at his home and work seeking and demanding payment for an alleged debt.

14. Defendant constantly and continuously places collection calls to Plaintiff before 8:00 a.m.

15. Defendant threatens legal action against Plaintiff.

16. Defendant constantly and continuously places collection calls to third parties (see Exhibit A).

17. Defendant constantly and continuously places collection calls to Plaintiff without disclosing the caller's identity.

18. Defendant constantly and continuously places collection calls failing to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose

## COUNT I
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* of the FDCPA when Defendant communicated with Plaintiff at an unusual time, sometimes before 8:00 a.m.

    b. Defendant violated *§1692c(b)* of the FDCPA when Defendant communicated, in

       connection with the collection of Plaintiff's alleged debt, with Plaintiff's coworkers (see Exhibit A).

   c. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   d. Defendant violated *§1692d(6)* of the FDCPA by placing collection calls to Plaintiff without meaningful disclosure of the caller's identity.

   e. Defendant violated *§1692e(5)* of the FDCPA when Defendant threatened to take legal action against Plaintiff even though such action could not be legally taken and Defendant has not and did not intend to take such action.

   f. Defendant violated *§1692e(11)* of the FDCPA by placing collection calls to Plaintiff and failing to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, SHELDON RICHARDSON, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

- 4 -

VERIFIED COMPLAINT

25. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, SHELDON RICHARDSON, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: September 17, 2008   KROHN & MOSS, LTD.

By: _____

Nicholas J. Bontrager
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

    Plaintiff, SHELDON RICHARDSON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

    Pursuant to 28 U.S.C. § 1746(2), I, SHELDON RICHARDSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 9-17-08

*/s/ Sheldon Richardson*
SHELDON RICHARDSON

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# EXHIBIT A

VERIFIED COMPLAINT

From: sheldon <sheldonrichardson@tmo.blackberry.net>
To: Barbara Richardson <worldwheat@aol.com>
Sent: Thu, 11 Sep 2008 10:44 am
Subject: Fw: Sandy called again...asked if you were ever going to call her.


------Original Message------
From: Julie
To: Sheldon Blackberry
Sent: Sep 10, 2008 12:37 PM
Subject: Sandy called again...asked if you were ever going to call her.

**************************************************************************

**Memo to file  9/8/08**
**&nb sp;**


On Thursday August 21st I answered the company's phone. On the line was a person named Sandy, who identified herself as being with NCO. She was extremely insistent about speaking to Sheldon, to the point of rudeness and was really nasty. I asked her if I could help as Sheldon was not here. She said she had consistently been trying to reach him but had not been able to do so, and that it was a matter of great urgency. I asked if it was personally urgent or urgent as to the business. She said that it was very urgent and could be detrimental both personally and to the business. She was really obtrusive. Her phone number was 800 322 2608 ext 2262.

Kirk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — **YES** NO
8. Feelings of hopelessness, pessimism — **YES** NO
9. Feelings of guilt, worthlessness, helplessness — **YES** NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** NO
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — **YES** NO
13. Headache, nausea, chronic pain or fatigue — **YES** NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — **YES** NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____
_____
_____
_____
_____

    Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: __9-18-08__           _____*[signature]*_____
                              Signed Name

                              __Sheldon E. Richardson__
                              Printed Name